## Herzberg *versus* Irwin.

Suit was brought to recover the hand-money and compel the execution of a bond and mortgage for the balance of the purchase-money, upon a contract for the sale of real estate. *Held*, that such a suit is a substitute for a bill in equity for specific performance and must be governed by the same principles, and where the title to the land is doubtful or not marketable the plaintiff cannot recover.

· November 4th 1879.　　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.　STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1879, No. 157.

Covenant by John Irwin, Jr., against Frederick Herzberg.　The following facts, together with those contained in the opinion of this court, sufficiently state the case:

A proposition in writing, and executed under seal, was made by Herzberg, to purchase a farm from Irwin, at the price of $2250, of which $1800 was to be paid in cash and the balance in one year, with interest, &c.　This price was the then full market value of the land, and the proposition was accepted by Irwin.　A deed was tendered by Irwin and wife to Herzberg, and the cash payment, and a bond and mortgage for the deferred payments, demanded. Herzberg rejected the deed, and declined to pay the money and execute the bond and mortgage, for the reason, as he alleged, that the title of Irwin to the property was defective.

This suit was brought to compel payment of the hand-money. The plaintiff below filed an affidavit of claim setting out at length the character of his title, to which the defendant replied in an affidavit of defence, alleging the supposed defect in the title.　A rule was taken by the plaintiff below for judgment, for want of a sufficient affidavit of defence, which was made absolute.　This action was assigned for error by defendant, who took this writ.

. *John H. Mueller* and *F. M. Stoner*, for plaintiff in error.

*H. & G. C. Burgwin*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, November 17th 1879.　　　　　　　•

This was a suit to recover the hand-money upon a contract for the sale of real estate.　A deed was tendered by the plaintiff below to the defendant, and a demand made for the cash payment, and bond and mortgage stipulated for in the contract.　The defendant desired to take the property, but declined to accept the deed, on the ground that the title was defective.　　　　　　　　　·

The plaintiff claimed title under Robert Hay, who with his wife

[Herzberg v. Irwin.]

conveyed, in 1854, a tract of 104 acres and 13 perches to Henry Williams and Jacob Croneweth as tenants in common. Jacob Croneweth died in 1870, leaving a wife and several children, who were minors. He left a will, in which he devised and bequeathed to his wife Catharine, her heirs and assigns, all his property, real, personal and mixed, "provided, that she shall remain my widow, but if she should get married again, then and in that case she is to get whatever the law will allow her, and no more; and the balance of my estate yet in her hands yet unexpended to be equally divided among my children, then living at the time of her marriage, or their legal representatives." In the year 1872, Henry Williams and Catharine Croneweth made a parol partition of the property, in pursuance of which Catharine released to Williams 50 acres and 93 perches. Williams, on the first of April 1873, conveyed the last-named tract to D. W. Good, who gave a purchase-money mortgage for $5000; the property was sold by the sheriff on this mortgage, and purchased by the plaintiff. It was this title he tendered to the defendant.

It is apparent, that the questions that arise upon the title are: 1st. What estate does the widow take under the will? and 2d. Have the children of Jacob Croneweth such an interest as would require them to be made parties to the partition?

We do not regard these questions as so entirely free from doubt as to make a marketable title. This suit is a substitute for a bill for specific performance, and must be governed by the same principles. A chancellor will never compel a purchaser to take a doubtful title, or one that is not marketable. Nicol v. Carr, 11 Casey 381; Freetly v. Barnhart, 1 P. F. Smith 279; Swain v. The Fidelity Ins., Trust and Safe Deposit Co., 4 Id. 455; Ferguson's Appeal, 9 Id. 487, note. In the case last cited, it was said by READ, J.: "Now, the rights of Jane, the wife, are not before the court. She is not a party to this suit, and no decree made here would bind her, and nothing is better settled than that upon a bill for specific performance, which is addressed to the discretion of the chancellor, the vendor must make out not only a holding but a marketable title, one as to which there is no reasonable doubt either as to matter of law or fact." We need not multiply authorities upon so plain a matter; what have been cited are sufficient.

The children of Jacob Croneweth were not parties to the partition, and are not before the court. Were we to say they have no such interest as entitles them to participate in the partition, they may nevertheless claim their day in court hereafter to be heard upon that question, and our successors might not feel themselves bound by our decision. We ought not to subject the defendant to such a risk.

Judgment reversed.