## Smaltz's Appeal.

1. Courts of equity in this state will grant relief by specific perform ance only when a recovery in damages will be an inadequate remedy.

2. A. took an assignment from B. of a bond and mortgage, B. agreeing that if A., on foreclosing the mortgage, should be obliged to buy in the mortgaged premises, he would repurchase the same at a price sufficient to save A. harmless. A. did foreclose the mortgage, and was obliged to buy in the premises, but B. refused to repurchase the same. A. thereupon filed a bill for specific performance. *Held*, that after tendering a deed, an action at law would give the complainant a full and adequate remedy, and that therefore he was not entitled in equity to the relief sought.

January 6th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county*: In Equity: Of July Term 1881, No. 28.

Appeal by Theophilus Smaltz, from a decree of the said court, requiring him to perform specifically an agreement in writing to purchase certain real estate.

Bill in equity, filed by James Wallace and Sarah Ann his

Smaltz's Appeal.

wife, in her right, against Theophilus Smaltz, setting forth that the complainants purchased from the defendant a bond and mortgage, for $1,500, on certain premises situate in the city of Philadelphia; that the defendant simultaneously agreed, in writing, that if the complainants should, upon foreclosure of said mortgage, be compelled to buy in the mortgaged premises, the defendant would thereupon "repurchase said property at a price sufficient to repay the above $1,500, with the arrears of interest;" and that the complainants were compelled so to buy in the said premises.

The bill prayed a decree "that the defendant perform his part of the agreement, and purchase the property mentioned in the said agreement from the said Sarah Ann Wallace, at a price sufficient to repay her the said amount of $1,500, with the arrears of interest."

The defendant demurred to the bill, on the ground that there was an adequate remedy at law. This demurrer was overruled by the court, and an appeal to the Supreme Court was quashed, on the ground that the decree overruling the demurrer was not a final decree, and the record was remitted for further proceedings. The complainants subsequently obtained a decree pro confesso, in default of an answer.

Subsequently, on motion of complainants, the court entered the following decree:—"And now, May 3d 1881, this clause came on to be heard upon the allegations in the bill contained, upon which a decree pro confesso has been heretofore entered, and which are therefore declared to be true, and the court being of opinion that the complainants are entitled to the decree prayed for in said bill, it is therefore ordered and decreed as follows:—

"First. That Theophilus W. Smaltz, the defendant, perform his part of the agreement, set forth in the bill as filed, and purchase the property situate . . . . mentioned in said agreement, from the said Sarah Ann Wallace, at a price sufficient to repay her the sum of one thousand five hundred dollars, with the arrears of interest thereon, to wit, from the first day of July, A. D. 1877.

"Second. That the said purchase money be paid by the said Theophilus W. Smaltz, the defendant, to the said Sarah Ann Wallace, upon execution and delivery by the said James Wallace and Sarah Ann Wallace, his wife, of a proper deed for said premises to the said defendant.

"Third. That the defendant pay the costs of this proceeding."

The defendant thereupon took this appeal, assigning for error the overruling of the demurrer to the bill, and the said decree of May 3d 1881.

### Smaltz's Appeal.

*John G. Johnson,* for the appellant.—The complainants merely sought a decree for purchase money, for which an action at law, for damages for the refusal to take, or to recover the purchase money, was a full and adequate remedy. A court of equity had, therefore, no jurisdiction: Kauffman's Appeal, 5 P. F. Smith 385; Dech's Appeal, 7 Ibid. 467; Weise's Appeal, 22 Ibid. 354.

*M. H. Stutzbach* (*H. Clay Haines* with him), for the appellees.—The owners of real estate have burdens and obligations cast upon them by law; they are responsible for the taxes, their goods may be levied on and sold if they refuse to pay them, and in many other ways they can be annoyed; and this, it is evident, the complainants intended to guard against when they purchased the mortgage from the defendant, and the agreement in question was executed. The complainants, who have performed their part of the agreement, cannot be put in statu quo by an action at law, and are therefore entitled to relief in equity to compel the appellant to perform his agreement. Equity considers as done what is agreed to be done, and upon an agreement for the sale of real estate the vendor is regarded as à trustee for the purchaser, and the purchaser as a trustee of the purchase money for the vendor, and a court of equity will enforce the trust: Larison *v.* Burt, 4 W. & S. 27; Bispham's Eq. 420–429; Kerr *v.* Day, 2 Harris 114. The following cases rule that a vendor may come into equity for specific performances to compel a vendee to pay purchase money: Tiernan *v.* Roland, 3 Harris 429; Finley *v.* Aiken, 1 Grant 83; Dalzell *v.* Crawford, 1 Clark 155.

Mr. Justice MERCUR delivered the opinion of the Court, January 30th 1882.

The Act of 16th June 1836 affords specific relief in equity only when a recovery in damages will be an inadequate remedy. That our courts will not entertain equity jurisdiction to give such relief where there is an adequate remedy at law, is well settled. Care should be taken that there be no unnecessary encroachment on the province of the courts of common law: McGowin *v.* Remington, 2 Jones 63; Strasburg Railroad Co. *v.* Echternacht, 9 Harris 21; Gallagher *v.* Fayette County R. R. Co., 2 Wright 102; Clark's Appeal, 12 P. F. Smith 447. Where a bill by a vendor for specific performance is simply to enforce payment of the purchase money, it will not be entertained: Kauffman's Appeal, 5 Id. 383; Dech's Appeal, 7 Id. 467.

The relief sought in this case is clearly within the rule which denies equity jurisdiction. It is to compel the appellant

[Boteler *v.* Espen.]

to pay for the land, the sum he agreed to pay therefor, on the contingency which has happened. After tendering a deed, an action at law will give to the appellees, a full, complete and adequate remedy for a recovery of the purchase money, to which they may be entitled. The learned judge therefore erred in not sustaining the demurrer.

> Decree reversed and set aside, and bill dismissed at the costs of the appellees.