John T. Paul, Administrator of Sarah Paul, deceased, et al., *v.* Simon H. Grimm, Administrator of James L. Thompson, Appellant.

*Practice, C. P.—Trial by court without a jury—Exceptions—Review— Act of April 22, 1874.*

Where a case has been tried by the court without a jury in accordance with the Act of April 22, 1874, P. L. 109, exceptions cannot be considered which are filed more than thirty days after service of notice of the decision of the court, and after final judgment has been entered in compliance with an order of the Supreme Court.

Where a case has been tried by the court without a jury and judgment has been entered for the plaintiff by direction of the Supreme Court, it is too late to raise by exceptions the question of the jurisdiction of the court, and to object that as the parties occupied fiduciary positions they could not agree to the submission under which the case was tried

Argued Oct. 11, 1897. Appeal, No. 7, Oct. T., 1897, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1889, No. 428, in favor of plaintiffs on trial by court without a jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOL-LUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit. Trial by court without a jury by agreement of the parties.

The facts appear by the previous report of the case in 165 Pa. 139.

DOTY, P. J., filed the following opinion upon exceptions filed after judgment was entered in accordance with the opinion of the Supreme Court:

Judgment was promptly entered in strict accordance with the order of the Supreme Court. To this judgment exceptions were filed as follows :

1. The learned court erred in not finding as a fact fairly deducible from the evidence that the plaintiffs had knowledge that the bonds in question were taken by defendant's intestate in payment for their coal; that the plaintiffs authorized the sale of the coal for these bonds, and afterwards, with full knowledge, assented to and confirmed the sale for bonds.

2. The learned court erred in not finding as a fact that the bonds taken in payment for the coal were secured by a first mortgage of the coal conveyed; that the sale to McCurdy was merely nominal, and constituted only part of the real transaction which was a sale to the Coal Co., to be paid by the Coal Co. by bonds secured by first mortgage on the property purchased.

3. The judgment entered is coram non judice; because the attorneys for the parties were without authority to waive trial by jury and submit the cause to the court, and the parties to the action were without authority to authorize or execute such submission.

These exceptions must be dismissed for two reasons. First, they come too late. Under the 2d section of the Act of April 22, 1874, P. L. 109, exceptions must be filed within thirty days after service of notice of the decision of the court. That act does not contemplate that exceptions may be filed after judgment. And there would be no end to the proceeding if exceptions were permitted after review and decree in the Supreme Court. The validity of the act is affirmed in Com. v. Mitchell, 80 Pa. 57. The requirements of the second section must therefore be observed. There is no trouble about the first and second exceptions. Without doubt, they were not filed in time. As to the third exception, it is alleged that the question of jurisdiction can be raised at any time and at any stage of the proceeding. This is undoubtedly true. But it by no means follows that want of jurisdiction can be taken advantage of by exception to the final judgment of the court. The submission was under the act of 1874. The proceeding is to be governed by the provisions of the 2d second section of that act. Apart from the act there is no authority to file exception, and under the act the exception is too late. If the objection is well grounded that the court was without jurisdiction, the parties may not be concluded by the judgment. In Campbell v. Fayette County, 127 Pa. 86, the question of jurisdiction was raised by a petition to set aside the agreement of reference and the proceedings before the referee.

Second, as we view it, we have no discretion in the matter. The case was heard in the Supreme Court and the court below was directed to enter judgment. This was done. There is no

allegation that the judgment was not in accordance with the direction of the Supreme Court. And judgment thus entered, the proceeding was ended, and the trial judge had nothing further to do in this proceeding. The Supreme Court is authorized by act of assembly after final decree " to remit the record with its judgment or decree to the appropriate court, which judgment, decree or decision said court shall duly carry into execution or effect." There was only one duty for the court below to perform, and that was to enter judgment as directed, and with that duty discharged the proceeding was ended so far as the court below is concerned.

It is true the question of jurisdiction was not heretofore raised. Such question was not passed upon by the Supreme Court. The jurisdiction, however, was assumed without question and the proper judgment indicated. We are now asked to say that the Supreme Court had no jurisdiction, and that we are under no obligation to carry out the deliberate judgment of that court. We do not so understand our duty in the premises. We are not unmindful of the fact that in Campbell v. Fayette County, 127 Pa. 86, it is held that the submission of a case under the act of April 22, 1874, where one of the parties is acting in a fiduciary capacity, is abortive, and ought to be set aside. And that in Com. v. Mitchell, 80 Pa. 59, it is in effect held that there can be no submission of a case to the court by virtue of section 27, article 5 of the constitution; but that every such submission must be regulated by the provisions of the act of April 22, 1874. But after all, the true rule for our guidance is to be found in Bolton v. Hey, 168 Pa. 418, and kindred cases, wherein it is affirmed, that the judgment of the proper court becomes the law of the case, binding not only upon the parties, but also upon the courts until reversed or set aside, and that we are not to look for inconsistent decisions or for cases holding otherwise, in order to carry out our own judgment of what is right in the case under consideration. This is the only safe rule, where the lower court is directed to do a certain thing, as, in this case, to enter judgment. We have no right to assume in this proceeding that the judgment would have been otherwise had there been some other question raised. This matter was considered in the court below and on appeal by the Supreme Court. After looking at the issues, under the law and

the evidence, the matter was adjudicated. Three new questions are raised by the exceptions. What right have we now to correct our findings of fact, and to assume that judgment would have been otherwise if these questions had been presented, and on appeal been considered, by the higher Court? If such practice is tolerated when would this proceeding end? It is clear to us that these questions cannot be raised in this way. As judgment is already entered, it only remains to dismiss the exceptions.

*Error assigned* was entry of judgment.

*Vin E. Williams*, with him *A. M. Sloan* and *W. H. Griffith*, for appellant, cited Gates v. R. R., 154 Pa. 566; Ormsby v. Ihmsen, 34 Pa. 462.

*John F. Wentling*, with him *David A. Miller* and *Edward B. McCormick*, for appellees, cited Bartholomew v. Lehigh County, 148 Pa. 82; Fennell v. Guffey, 155 Pa. 38; Bolton v. Hey, 168 Pa. 418.

OPINION BY MR. JUSTICE FELL, January 3, 1898:

The judgment against the defendant as administrator, to which exceptions were filed in the common pleas, was entered by direction of this Court, and was in entire accordance with the order made. Two of the exceptions related to findings of fact by the court at the trial, which had taken place five years before, and the evident purpose of the appellant was to secure by this means a rehearing of the case. The third exception questioned the validity of the judgment on the ground that the agreement to waive trial by jury was not authorized by the defendant, and could not have been authorized by him, as he was acting in a fiduciary capacity.

The limit of time within which the first two exceptions could be filed is fixed by the act of April 22, 1874, at thirty days after service of notice of the decision of the court. The effect of the limitation by the first section of the act of a right conferred by section 27 of article 5 of the constitution need not be considered, as there was no ground on which the third exception could be sustained. The case was ended in the common pleas by the

entry of judgment in pursuance of the order of this Court, and could not be opened by that court for any purpose. The most liberal rule as to the time within which a question of jurisdiction may be raised would not sanction its being raised in that court after a final adjudication on review.

The judgment is affirmed.