## Dorff v. Schmunk.

*Equity—Specific performance—Contract—Jurisdiction.*

While a court of equity has no jurisdiction over a bill in equity for the specific performance of a contract, where the prayer is merely for the payment of money, the Supreme Court will not reverse such a decree for want of jurisdiction, where the case was allowed to go to final hearing by defendant without objection.

*Deed — Recital in deed — Evidence — Adverse possession — Payment of taxes—Lost deed.*

In a proceeding to determine the marketable title to real estate, the plain-

tiff's contention that he has a good marketable title is sustained, where the record shows a paper title excepting one deed, oral evidence of the lost deed, a recital of the lost deed in the deed forming the next link in the chain of title, the reciting deed being duly acknowledged and recorded, the payment of taxes for a period of over thirty years, the payment of municipal liens and other acts of ownership, and the negative evidence that no adverse claim had been known or asserted.

Argued Jan. 3, 1900. Appeal, No. 97, Jan. T. 1899, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1898, No. 250, on bill in equity, in case of James H. Dorff v. John Schmunk. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for the specific performance of a contract for the purchase of land.

The facts are stated in the opinion of the Supreme Court.

The court entered a decree in favor of the plaintiff.

*Error assigned* was the decree of the court.

*J. Peter Klinges*, for appellant.—By the terms of this contract, and the laws of the land, appellant is entitled to have a " good and marketable " title to the premises : Huber v. Burke, 11 S. & R. 238; Herzberger v. Irwin, 92 Pa. 48; Murray v. Ellis, 112 Pa. 485; Swayne v. Lyon, 67 Pa. 436.

A title is not marketable where it exposes the party holding it to litigation : Ludwick v. Huntzinger, 5 W. & S. 51; Bumberger v. Clippinger, 5 W. & S. 311; Colwell v. Hamilton, 10 Watts, 413; Speakman v. Forepaugh, 44 Pa. 363.

In equity a good marketable title is one in which there is no doubt involved, either as to law or fact: Dalzell v. Crawford, 1 Parsons's Equity Cases, 45; Nicol v. Carr, 35 Pa. 382; Speakman v. Forepaugh, 44 Pa. 363; Herman v. Sommers, 158 Pa. 424; Holmes v. Chartiers Oil Co., 138 Pa. 546; Batley v. Foerderer, 162 Pa. 460; Mitchell v. Steinmetz, 97 Pa. 251; Negley v. Lindsay, 67 Pa. 217.

There was no possession shown by the appellee.

Adverse possession may be said to be founded in trespass, but it must be a trespass constantly continued by acts on the premises: Olewine v. Messmore, 128 Pa. 470; Lund v. Brown,

14 W. N. C. 489; Hole v. Rittenhouse, 25 Pa. 491; Thompson v. Phila. & Reading Coal & Iron Company, 133 Pa. 46.

Payment of taxes alone does not amount to possession: Naglee v. Albright, 4 Wharton, 291; Bunting v. Young, 5 W. & S. 188; Humphreys v. Rawn, 8 Watts, 80; Hoffman v. Bell, 61 Pa. 444; Goodman v. Sanger, 85 Pa. 37; App v. Cadwalader, 5 W. N. C. 137; Lund v. Brown, 14 W. N. C. 489.

*Alfred N. Keim*, with him *Carroll R. Williams*, for appellee.— Plaintiff's title is a good and marketable one, under the decisions of this court and of the lower courts: Garwood v. Dennis, 4 Binn. 314; James v. Letzler, 8 W. & S. 192; Duffield v. Brindley, 1 Rawle, 91; McGrew v. Harmon, 164 Pa. 115; Hasson v. Klee, 181 Pa. 117; Pratt v. Eby, 67 Pa. 402.

OPINION BY MR. JUSTICE McCOLLUM, October 8, 1900:

The jurisdiction in this case is a close question. Had it been raised by the defendant in the preliminary proceedings it is doubtful if the plaintiff's bill could have been sustained. A vendor may maintain a bill for specific performance where his contract calls for a relief or remedy which a court of equity alone can furnish, but where, as in the present case, the decree asked is simply for the payment of money, an action at law appears to be the more appropriate, and, indeed, the only appropriate remedy. As was said in Kauffman's Appeal, 55 Pa. 383, " where there is nothing whatever in the circumstances of the case requiring the aid of chancery to give effect to a contract, and the bill for specific performance is simply an action and nothing more to recover purchase money, we will not entertain it." This language is quoted with approval in Dech's Appeal, 57 Pa. 473. To the same effect is Smaltz's Appeal, 99 Pa. 310. This is the undoubted rule in Pennsylvania, notwithstanding the elaborate discussion of Mr. Justice LOWRIE to the contrary in Finley v. Aiken, 1 Grant, 83. Mr. Justice BLACK filed an able dissenting opinion in this case and the decision stands on its facts alone.

But where, as in the present case, the cost of a full hearing on the merits has been incurred without demurrer by the defendant, the court is loth to dismiss the bill if there is any possible ground, however slight, upon which the jurisdiction may be

sustained. In so doing it is possible to avoid one of the strongest objections urged by Mr. Justice BLACK in Finley v. Aiken, supra, against the jurisdiction where a decree for money only is asked for, namely, "that no legal dispute involving matters of fact shall be tried without a jury by any tribunal," for the defendant has voluntarily waived this right by failing to object to the jurisdiction at the proper time.

It is not necessary, therefore, to reverse the decree of the court below for want of jurisdiction, the case having been allowed to go to final hearing by the defendant without objection. A like course was followed for a like reason in the cases of Fidelity Title & Trust Co., Admr., v. Weitzel, 152 Pa. 498, and Harrington Brothers v. Florence Oil Co., 178 Pa. 444.

The vendor's title which the defendant alleges to be unmarketable, rests on the following evidence: It was agreed that in 1851 the title was in the trustees of the Franklinville Land Association, and the vendor deduced a good paper title from them through one John L. Black, with the exception that he could show no deed from the trustees to the said Black. In order to supply this gap, the vendor offered in evidence a deed dated June 11, 1860, duly recorded May 1, 1869, from John L. Black to John R. Orr, containing a recital setting forth that a deed dated April 4, 1851, had been executed by the trustees of the Franklinville Land Association to John L. Black, and followed this by the testimony of John L. Black's brother, Francis Black, that John L. Black had purchased, through him, a lot from the said trustees. He also produced tax receipts showing continuous payment of taxes on the lot from 1862 by John R. Orr, the grantee in the deed of 1860, the assessment and payment of municipal claims against the land in the name of John R. Orr in 1883 and 1887, and testimony that John R. Orr had been the reputed owner for twenty years. John R. Orr died in 1881 but from that time to the time of trial his devisees have had no knowledge of any adverse claims. They or their representatives visited the land occasionally. It was a vacant lot on Marshall street north of Venango, in the city of Philadelphia. It had no fences to indicate its boundaries, and, until quite recently, no signs to indicate ownership. It is a pertinent fact, however, that the plaintiff, claiming under this title, had, prior to July 13, 1897, put up a sign with his name attached,

offering the property for sale and forbidding the deposit of garbage.

An examination of the indexes of the office of the recorder of deeds failed to disclose any conveyance of the lot by the trustees of the Franklinville Land Association, up to within twenty years of the present time. The Franklinville Land Association had been out of business for a number of years and there is in existence now no association known as such.

An important question of the admissibility of evidence arises in the case. The defendant contends that the recital contained in the deed of 1860 was not competent or admissible evidence of the alleged lost deed of 1860 to John L. Black.

In Garwood v. Dennis, 4 Binney, 314, it is held that a recital in an ancient deed is evidence of the lost deed, where some evidence of the loss of the deed has been given and there has been no possession contrary to the deed. In that case Judge BRACKENRIDGE says : " The recital of a deed is not evidence for him claiming under it, for the deed itself must be produced. But when the question is whether the original did exist, the being referred to in other deeds must weigh." Walker v. Walker, 67 Pa. 185, decided that where proof of possession cannot be had, an ancient deed may be read if its genuineness be satisfactorily established by other circumstances. In Williams v. Hillegas, 5 Pa. 492, it was held that payment of taxes on wild land for more than thirty years is sufficient to entitle the plaintiff in an action of trespass to read to the jury an ancient deed for the land. Mr. Justice BELL there says that the payment of taxes on wild and uncultivated land for a number of years is for many purposes esteemed equivalent to actual possession. Such payment is the only exercise of ownership of which the title to wild land is susceptible. It is sufficient not only to be left to the jury, but in the absence of conflicting evidence, to command a verdict.

The cases cited by the appellant, Naglee v. Albright, 4 Wharton, 291, Hoffman v. Bell, 61 Pa. 444, and Lund v. Brown, 14 W. N. C. 489, are none of them decisive of this question. The farthest they go is to declare that mere assessment or payment of taxes will not, without any color of title or any other evidence of ownership, constitute adverse possession against the true owner, so as to build up a title under the statute of limitations.

There can be no question, therefore, but that the recital of the lost deed was admissible evidence in the case.

The case presented was, therefore, as follows : There was oral evidence of the lost deed, a recital of the lost deed in the deed forming the next link in the chain of title, the reciting deed being duly acknowledged and recorded, the payment of taxes for a period of over thirty years, the payment of municipal liens and other acts of ownership detailed by the witnesses, and the negative evidence of much weight in a case like this, that during all this time no adverse claim has been known or asserted. On such a state of facts a jury could and should have found a verdict upon the testimony in favor of the vendor. This the court below did, in effect, by the decree entered, and no sufficient reason has been shown to call for a reversal.

It follows, therefore, that the decree adjudging plaintiff's title to be good, and ordering the payment of the purchase money, etc., upon delivery of a good and sufficient deed, should be affirmed.

Judgment affirmed.