## WILLIAMS *v.* HILLEGAS et al.

Payment of taxes on wild land, for more than thirty years, is sufficient to entitle the plaintiff in an action of trespass to read to the jury an ancient deed for the land.

The act of 1841 was intended to place deeds executed prior to 1775, on the same footing as deeds executed since that time, as respects the recording acts and evidence.

IN error from the Common Pleas of Bedford.

*June* 11. Trespass *quare clausum fregit.* The plaintiff proved the commission of the trespass, by an entry on the land supposed

5   492
f197 302

5   492
d 26 SC ¹546

to be vacant, and the erection of a house. He then proved a survey for Mehaffy, under an application in 1767, and offered to read a deed from Mehaffy to Ormsby, which being rejected for want of possession shown by any one claiming thereunder, the plaintiff then offered to lay ground for introducing the deed by proving a judgment recovered against Ormsby in 1770, under which this, with three other adjacent tracts, one of which bounds the *locus in quo*, were sold by the sheriff to the father of the plaintiff. And that plaintiff's father, and those claiming under him, occupied the three adjacent tracts since the date of the sheriff's deed, and in accordance therewith. He also offered to show payment of taxes by the devisees of his father, since 1805, for the land in question.

The court (BLACK, P. J.) being of opinion this evidence would be insufficient to supply the want of proof of the ancient deed, rejected the evidence.

*Thompson*, for plaintiff in error.—Without actual possession, a deed, when proved to be genuine, is admissible; and, where there has been possession, a deed thirty years old may be read without proof. It is the possession which supplies the place of proof; Winn *v.* Patterson, 9 Peters, 669. But payment of taxes on wild land will supply the want of a deed; much more will it supply the formal proof of one. It is the acts of ownership which give credit to or supply the place of the deed; Taylor *v.* Dougherty, 1 Watts & Serg. 324, 327; 1 Greenl. Ev. § 144, n.

*Barclay*, contrà.—Taylor *v.* Dougherty is not conclusive; Quin *v.* Brady, 8 Watts & Serg. 139. But the act of 21 March, 1841, Purd. Dig. 306, settles the question. Under that, the deed must have been recorded, or common law proof be given.

*June* 16. BELL, J.—The only question presented by this record is, whether the plaintiff ought to have been permitted to prove the facts stated in his second offer of evidence, as introductory of the deed of 6th September, 1767, from John Mehaffy to John Ormsby, and which formed a link in the title under which he claimed. The court below rejected it, simply on the ground that the proof proposed was not of actual possession of the land in dispute, corresponding with, and accompanying the deed, for a period sufficiently long to raise a presumption of its authenticity, in the absence of legal proof of its execution and delivery. The case, as it comes into this court, does not call for an investigation of the somewhat vexed points, now in a degree embarrassed by contrariety of decision,

2 T

whether a deed or other instrument, twenty years old and upwards, purporting to be a conveyance of improved and cultivated real estate, but unrecorded and unproved in the ordinary mode, can only be authenticated as an instrument of proof by showing an actual possession of the thing it assumes to convey, in accordance with its provisions, or whether a sufficient ground may be laid for its introduction to a jury, by proving such circumstances as could not well have happened without the *bona fide* existence of the instrument as a mode of conveyance, though no actual possession in pursuance of it is established. In New York, and some other of our sister states, and perhaps in England, it seems to be settled that a deed appearing to be of the age of thirty years, may be given in evidence without proof of its execution, either by showing an accompanying possession, or, where there has been none such, rendering such an account of it as will afford a reasonable presumption of its being genuine. It has been said by authority highly respectable, that almost any evidence, intrinsically unobjectionable, and tending to raise a presumption of the fairness of the instrument, may be received, leaving its sufficiency to depend on the nature of each particular case; Jackson ex dem. Lewis *v.* Larowey, 3 Johns. Ca. 283; Hewlett *v.* Cock, 7 Wend. 371; though it must be confessed that in Pennsylvania the leaning of the determinations is in favour of the more rigid rule which refuses to accept of any thing short of actual possession, as corroborative of the supposed deed. Still I think the precise point has never been expressly decided with us, in a case necessarily calling for it, though certainly we have *dicta* seemingly hostile to the alternative mode of authentication. But where the issue litigated involves the title of wild and uncultivated land, which has never been the subject of an actual *pedis possessio*, the question assumes a very different aspect, even in Pennsylvania. In such case the payment of taxes assessed upon the unseated land for a number of years, is, for many purposes, esteemed equivalent to actual possession. Thus it has been held that a warrantee, with survey, may be constructively ousted by omitting to pay the taxes, and permitting another to do so for twenty-one years, who entered on part of the land under claim of title; Royer *v.* Benlow, 10 Serg. & Rawle, 306. So payment of taxes by the holder of an imperfect title, will enable him to recover in ejectment against a mere trespasser; Foust *v.* Ross, 1 Watts & Serg. 501. It is, however, needless to cite cases approximating the determination of the disputed question in this cause, for we consider the very point to have been, in principle, decided by this

court in Taylor *v.* Dougherty, 1 Watts & Serg. 324. There it was settled that, as against a naked intruder upon wild land, a conveyance will be presumed from a warrantee, of whom nothing had been heard for seventy years, to the ancestor of the plaintiff in whose name the disputed land had been taxed, and the taxes paid by him and those claiming under him for a period upwards of thirty years. It was truly said, they had exercised the only ownership of the warrant, of which, as a title to wild land, it was susceptible, and this was sufficient not only to be left to the jury, but, in the absence of conflicting evidence, to command a verdict. "The execution of a deed," said the chief justice, in delivering the opinion of the court, "is presumed from possession in conformity to it for thirty years, and why the entire existence of a deed should not be presumed from acts of ownership for the same period, which are equivalent to possession, it would not be easy to determine." Now certainly that which is of sufficient vigour to originate the presumption of a conveyance not produced, may well be accepted to authenticate a deed in existence, and accordant with a fact proved, equivalent to actual possession. So viewed, it is brought within the most stringent rule of evidence, requiring possession to accompany the deed.

In this case the offer of the plaintiff below was to show that the deed in question had been in the possession of James Williams, sen., and those who claim under him, for upwards of thirty years, in connection with record proof of the judgment and execution against Ormsby, to whom the deed purported to have been made, and the sale and conveyance to Williams, the father, in 1773, followed by payment of taxes ever since the year 1805. Surely this ought to have been received as affording a foundation on which to rest the deed offered. In itself, and without more, it was at least proof of title by derivation in the plaintiff against a mere intruder without shadow of right, as is this defendant. *A fortiori*, it was competent as merely preliminary of the fairness of an instrument harmonizing with the facts. Such, it is presumed, would have been the decision of the court below had the case of Dougherty *v.* Taylor been brought to its notice. We are informed by counsel it was not cited on the trial.

But in this court another objection, not mooted in the Common Pleas, has been started against the admissibility of the Ormsby deed. This objection springs from the provision of the act of 26th March, 1841, Dunlop's Dig. 829, Pamph. L. 106, directing all conveyances of land within this Commonwealth, dated previously to

the act of March, 1775, to be recorded in the proper county, and by its second section, providing that no such deed which shall remain unrecorded for the term of two years from the date of the act, shall be given in evidence in any of the courts of this Commonwealth, unless proven or acknowledged according to the act of 1775, or in the manner in which other instruments of writing are proven, or unless the actual possession of the land has accompanied the said deed. It is said this latter sentence presents an insuperable objection to the reception of the deed offered here. But we are of opinion the legislature, by the act of 1841, intended nothing more than to extend the provisions of the recording acts to assurances of lands before exempted from their operation, and to place them on the same footing with conveyances bearing date subsequently to the act of 1775. Many of the older deeds cannot be placed on record because of the impossibility, consequent on the deaths of the grantors and witnesses, of making the statutory proof of their execution ; and, for the same reason, common law proof would be difficult in proportion to the antiquity of the instrument. Looking to the difficulty, it is not to be supposed the law-makers intended a severer mode of authenticating conveyances made prior to 1775 than is required for those of more modern origin. The act must therefore receive such a reasonable construction as will call for nothing further in proof of the more ancient assurances than would be deemed sufficient to validate those of a younger date. It speaks of actual possession, as the best known and most usual mode of establishing an old unproved and unrecorded deed as a muniment of title, without, as I take it, meaning to exclude other means of validation recognised, in the cases of conveyances originating posterior to our Revolution, as equivalent to actual possession. To insist on a blind adherence to the words of the statute, would be utterly to destroy, as evidences of title, ancient deeds which, from the long lapse of years, cannot now be strictly evidenced either with a view to registration, or in a course of common law proof. At the very least, when these relate to wild and unimproved lands, which have not been subjected to actual occupancy, we cannot intend the legislature meant to exclude them as evidences of title, though connected with and surrounded by other indubitable evidence of authenticity. In view of the mischief which might otherwise be produced, and looking to the principal intention of the legislature in the enactment of the law in question, we think we shall but conform to the spirit of the act by holding that, whatever circumstances would in law be accepted as sufficient to establish a younger deed, as against

a trespasser, ought to be deemed satisfactory in the case of the older conveyance. All these instruments are thus placed upon the same platform, where, we feel assured, the legislature intended they should stand. Uniformity is thus secured where there is no reason that diversity should exist, but every thing to forbid it.

Judgment reversed, and a *venire de novo* awarded.