## Crist, Appellant, v. Boust.

*Ejectment—Title—Strength of title—Evidence.*

In ejectment the plaintiff must recover upon the strength of his own and not upon the weakness of his adversary's title.

*Ejectment—Evidence—Deed.*

Where on the trial of an action of ejectment it is admitted that title is out of the commonwealth, the plaintiff will not be permitted to offer in evidence in order to show a good paper title in himself, an intermediate deed between the conveyance of the commonwealth and his own title, without showing a line of paper title from the grantee of the commonwealth to the grantor in the deed offered in evidence. Such a deed may be offered in evidence for the purpose of showing an entry under it as a basis for title by adverse possession; or it may be admitted where it is connected with the grant of the commonwealth by recitals; but where no such connection is shown it is inadmissible.

*Ejectment—Adverse possession—Evidence—Constructive possession.*

If a plaintiff in ejectment claims title by adverse possession for twenty-one years, he must prove every element necessary to constitute a title under the statute of limitations, otherwise it is the duty of the court to instruct the jury that there is not sufficient evidence to entitle him to recover.

Constructive possession can only apply to land immediately adjacent to a part of that which is in absolute and uncontrolled possession.

Argued Oct. 26, 1904. Appeal, No. 112, Oct. T., 1904, by plaintiff, from judgment of C. P. Northumberland Co., Dec. T., 1902, No. 257, on verdict for defendant, in case of William B. Crist v. Charles Boust. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for land in Northumberland borough. Before AUTEN, J.

The court directed a verdict for defendant.

Verdict and judgment for defendant.

*Errors assigned* were (1, 2) in overruling the offers of evidence quoted in the opinion of the Superior Court; and (3) in directing a verdict for defendant.

*S. B. Boyer,* for appellant, cited: Williams v. Hillegas, 5 Pa. 492; Bowser v. Cravener, 56 Pa. 132; Thompson v. Philadelphia & Reading Coal, etc., Co., 133 Pa. 46; Williams v.

Beam, 196 Pa. 341; Ament v. Wolf, 33 Pa. 331; Thompson v. Milford, 7 Watts, 442; Lawrence v. Hunter, 9 Watts, 64; Hottenstein v. Lerch, 104 Pa. 454.

*W. J. Sanders*, with him *G. B. Reimensnyder*, for appellee, cited: Murphy v. Loyd, 3 Wharton, 538; Muhlenberg v. Druckenmiller, 103 Pa. 631; Peters v. Condron, 2 S. & R. 80; Kennedy v. Skeer, 3 Watts, 95; Schrack v. Zubler, 34 Pa. 38; Olewine v. Messmore, 128 Pa. 470; Hole v. Rittenhouse, 37 Pa. 116; Ament v. Wolf, 33 Pa. 331.

OPINION BY BEAVER, J., November 21, 1904:

It is too clear for argument and too well settled to require the citation of authority that in ejectment the plaintiff must recover upon the strength of his own and not upon the weakness of his adversary's title.

It was admitted in this case that title was out of the commonwealth. It became incumbent upon the plaintiff, therefore, if he relied upon his paper title, to show some connection between the purchaser from the commonwealth and those under whom the plaintiff claimed. In order to show this, he made the following offer:

"Counsel for plaintiff offers to read in evidence deed from the heirs of William T. Boyd, deceased, to Joseph Vankirk, dated March 30, 1866, entered of record November 13, 1866, in deed book ZZ, page 173, for three lots in the borough of Northumberland, lot No. 16 being one thereof, and part thereof is in dispute in this action. To be followed that within ten or fifteen days thereafter, Joseph Vankirk made a deed for lot 16 alone to Benjamin Heckert; that Benjamin Heckert immediately entered into possession of lot 16, built a new house on it, lived on it, until finally he became involved and a judgment was obtained against him with waiver of inquisition and condemnation; that that judgment was revived twice or three times. Finally a writ of fieri facias was issued and the sheriff of Northumberland county made a levy on this lot 16. The lot described in the sheriff's levy and the deed borders on the river Susquehanna, as well as the deed from Vankirk to Heckert. This lot was bought by Fred L. Haupt and William D. Haupt, executors of Sebastian Haupt, deceased,

at sheriff's sale, and that they immediately took possession, had it in possession for a number of years by tenants, paid the taxes and kept the property in repair. Finally they sold the lot to William B. Crist, made him a deed, and he immediately went in possession of the same, and is now in possession of the whole lot with the exception of that part which is now in dispute. This makes a continuous possession of over thirty-six years, and all of the conveyances call. for the river as a boundary. This for the purpose of showing ` that the title to the lot is in William B. Crist, the plaintiff."

After objection by the defendant, the court said : " Is this offered for the purpose of showing paper title in the plaintiff ? " Mr. Boyer: " This is offered for the purpose of showing paper title to the plaintiff down to the present.". The court: " We don't think that the plaintiff can show paper title by the introduction of a deed dated in 1866, conveying, inter alia, the land in question, without first showing that the grantors in that deed had title to the property or were in possession of the same. The plaintiff having given notice that he proposes to claim also by right of adverse possession, if he cares he may offer this deed in evidence and show he took possession under it, for the purpose of establishing title of that kind. But for the purpose of showing paper title we reject it. To which the plaintiff excepts and defendant excepts and bill sealed for both parties."

The plaintiff made no further offer of this deed for the purpose of meeting the object for which the court said it might be received. The case comes to us, therefore, as a bald proposition to offer an intermediate deed between the conveyance of the commonwealth and the holder of the title at present as evidence of a paper title, upon the strength of which plaintiff seeks to recover in ejectment. Plaintiff might as well attempt, upon a solid foundation, to build a house beginning at the second story. His title is suspended in the air.

It is not pretended in the offer that the deed of the Boyd heirs who conveyed to Vankirk connected the title in any way with the grantee of the commonwealth. We must, therefore, assume that there were intermediate conveyances which vested the title in the Boyds, as is alleged in the plaintiff's brief of title filed in- the court below, in which case they should have

been shown. Not having been shown or offered, the deed, by which title was alleged to be conveyed, could not be received in evidence. It was said in Bonaffon v. Peters et al., 134 Pa. 180 : " No title was proved either in the plaintiff or his grantors. For anything that appears, the deeds referred to might have been made by persons who had not even color of title ; they might have been strangers to it. The rule in ejectment that the plaintiff must recover upon the strength of his own title is too well settled to require the citation of authority. There was nothing to show that the defendants were unlawfully in possession, and mere intruders." This is precisely the situation here. There is no allegation that the defendants were mere trespassers and the deed of the Boyds, for all that appears in this case or for all that was offered to be shown, might have been the deed of those who had no color of title and might have been strangers to it. The court below was, therefore, undoubtedly correct in refusing to accept the Boyd deed, as showing or tending to show a good paper title in the plaintiff.

The appellant relies upon some of the deeds mentioned in his offer as ancient deeds and seems to be of the opinion that, for that reason, they are admissible as evidence of title. Ancient deeds have certain advantages which have been conceded and are set forth in numerous cases.

In Williams v. Hillegas, 5 Pa. 492, cited by the appellant, it was held that payment of taxes on wild land for more than thirty years is sufficient to entitle the plaintiff in an action of trespass to read to the jury an ancient deed for the land. It is to be observed, first, that the payment of taxes was the important element in this case upon which the offer of the ancient deed was sustained and, second, that it was in an action of trespass in which color of title is under certain conditions sufficient to maintain the action. The case has no application to the one under consideration.

So also in Olewine v. Messmore, 128 Pa. 470: " In an action to try the title to land an ancient deed from one in whom no title is shown, conveying the land to a person under whom the plaintiff claims, is admissible to exhibit color of title and claim in the grantee, when followed by proof that he actually settled on the land and continuously occupied it for the statutory

period." The court below was quite willing to give that effect to the deed offered, saying that, if it was offered for the purpose of showing color of title, to be followed by proof of actual possession, it would be admitted, but the plaintiff made no such offer.

In Dorff v. Schmunk, 197 Pa. 298, it was held that : " In a proceeding to determine the marketable title to real estate, the plaintiff's contention that he has a good marketable title is sustained, where the record shows a paper title excepting one deed, oral evidence of the lost deed, a recital of the lost deed in the deed forming the next link in the chain of title, the reciting deed being duly acknowledged and recorded, the payment of taxes for a period of over thirty years, the payment of municipal liens and other acts of ownership, and the negative evidence that no adverse claim had been known or asserted." This last decision is at least an indirect allusion to the effect of a recital in an ancient deed which is sometimes permitted to take the place of the deed therein recited, upon the ground that the law, after the lapse of many years, will presume that a deed so recited was actually made.

See also Bright v. Allan, 203 Pa. 386 : " While the fact of the former existence of a written instrument must be clearly proved, direct evidence is not required in all cases, but the proof may be made by showing facts and circumstances from which the existence of the instrument may be inferred."

But none of these cases and none to which we have been referred or of which we have any knowledge, goes to the extent of permitting, in an action of ejectment, a deed to be given in evidence which begins nowhere ; that is, there must be in some way, by direct connection or by recitals which are equivalent thereto, connection with title from the commonwealth, if the claim is based upon a paper title.

With this deed out of the case, what have we ? A lot, No. 16, in the borough of Northumberland, fronting on North Way and extending from the corner of North Way and King street to the Pennsylvania canal. This canal, as is admitted by the appellant, was constructed in 1829 and the space occupied by it and the tow path is shown by the evidence to be forty-three feet. The lot of ground in controversy lies between the canal and the north branch of the river Susque-

hanna. Neither the præcipe nor the writ is contained in the plaintiff's paper-book but, judging from the draft furnished us by the plaintiff, the lot in controversy would seem to be about sixty feet square, lying between the Pennsylvania canal and the river. The plaintiff's offer of the Boyd deed declares that the plaintiff, in pursuance of the Haupt deed, "immediately went into possession of the same and is now in possession of the whole lot, with the exception of that part which is now in dispute." This is, of course, a distinct admission that the plaintiff has never been in possession of the lot in dispute lying between the canal and the river.

In the testimony of the plaintiff, which for some unexplained reason is not printed by the appellant but is contained in the paper-book of the appellee, he says, on cross-examination, in answer to the question, " Q. You never occupied this piece of ground below the canal? A. Never gave us a chance to, tried it but was driven off." So also the plaintiff's witness, Morgan, by whom the plaintiff endeavored to prove possession under the Boyds said : " Q. Your father lived on the piece above the canal? A. He occupied that house and it was fenced in to the canal. Q. That place below the canal which is in dispute was not fenced at that time? A. No, sir, not in my time. Q. Your father did not have possession of that? A. No, sir. Q. Neither did he farm it? A. No, sir. Q. Hadn't it fenced? A. No, sir. Q. Nor didn't claim possession of it? A. No sir. Q. That piece is the piece in dispute? A. Yes, sir, right opposite the lot where we lived, below the canal. Q. You had no possession of that below the canal? A. No, sir."

Upon what possible ground, therefore, the plaintiff can claim by adverse possession we cannot understand. If he claims that by reason of his possession of the lot extending from North Way to the canal, he is met, first, by the canal itself which separates that lot from the lot in dispute. He cannot skip the canal and claim constructive possession of that which, by his own testimony and that of his witnesses, he has never had in possessio pedis. Even if the deed under which he claims, describing the lot as running from North Way to the river was in evidence, he would be met by the intervening space occupied by the canal. Constructive possession, as we

understand it, can only apply to land immediately adjacent to a part of that which is in absolute and uncontrolled possession. " If a plaintiff in ejectment claims title by adverse possession for twenty-one years, he must prove every element necessary to constitute a title under the statute of limitations, otherwise it is the duty of the court to instruct the jury that there is not sufficient evidence to entitle him to recover:" P. & L. Dig. of Dec. 7,467. There was no offer to do this and indeed the plaintiff's own testimony negatived it.

The plaintiff having failed to show title, either by deed or adverse possession, his case wholly failed and the defendant was legally entitled, as he claimed, to a verdict: Hyatt v. Johnston, 91 Pa. 196 ; Sallade v. Schuylkill Co., 19 Pa. Superior Ct. 191:

The paper-book of the appellant is fatally defective but, as there was no motion to suppress it and the missing testimony is supplied by the appellee, we have preferred to consider the case upon its merits.

There is nothing in the case requiring further comment.

The assignments of error are all overruled.

Judgment affirmed.