Decree affirmed and appeal dismissed at the costs of appellants.

## Appeal of Shafer *et al.*

1. Specific performance of an oral contract to convey land will not be decreed, without clear proof of the contract.

2. Where a bill for specific performance fails for want of evidence sufficient to establish the contract, the court cannot award to complainant, under that bill, compensation for expenditures made upon the expectation of such conveyance but not for improvement upon the property.

3. Masson's Appeal, 20 P. F. S., 26 ; Woodcock *v.* Bennet, 1 Cowen, 711, Aday *v.* Echols, 18 Ala., 353, distinguished.

June 2d, 1885. Before Mercur, C. J., Gordon, Trunkey, Sterrett, Green and Clark, JJ. Paxson, J., absent.

Appeal from a decree of the Court of Common Pleas of *Adams county:* In Equity: Of May Term 1885, No. 10.

Appeal by Amos Shafer, executor of the will of Samuel Shafer, deceased, and George Otts and John Otts, beneficiaries under said will, from a decree of said court ordering that $1,400 be paid to Jesse Shafer, Jr., out of land described in his bill for specific performance.

Bill in equity wherein Jesse Shafer, Jr., and Elizabeth Shafer were complainants, and Amos Shafer *et al.*, executor of and beneficiaries under the will of Samuel Shafer, deceased, were defendants, to compel specific performance of an alleged oral contract, made by said Samuel Shafer in his lifetime to convey a farm in Adams county to said Jesse Shafer, Jr.

The bill averred that complainants are the nephew and sister of said Samuel Shafer, and that the latter had promised his mother on her death-bed to provide for his sister Elizabeth, one of complainants, who was a single woman about sixty years of age and without means of support ; that in order to carry out this promise, said Samuel Shafer purchased two lots in Littlestown, on one of which he erected a house at a cost of $1,400.

That Samuel Shafer then agreed with Jesse Shafer, Jr., that he should have this property upon condition that he pay the interest upon the $1,400, and support the said Elizabeth Shafer

and at her death give her a respectable burial. That in pursuance of said agreement Elizabeth Shafer went to live with Jesse Shafer, Jr., on said premises in the year 1869 and has since been maintained by him. That said Jesse Shafer, Jr., paid the interest on said $1,400 for the years 1869 to 1874 inclusive, that Samuel Shafer did not demand the interest for the year 1875, and in 1876 he sold the Littlestown property and purchased a farm in Franklin township, Adams county, and the said Jesse Shafer, Jr., went into possession of this farm, taking his aunt, Elizabeth, with him, with the understanding and agreement that the farm should be his for life, and at his death should go to his children on condition that he would support the said Elizabeth.

The said Samuel Shafer died on October 1st, 1877, in Maryland, and letters of administration on his estate were granted to Jonas C. Spangler, who applied to the Orphans' Court of Adams county for an order to sell the property in question for the payment of debts. The bill further averred that the said Jesse Shafer has heretofore performed his part of the agreement and is able and willing to continue the same, and prayed for an injunction to restrain Spangler from selling the property and for specific performance of the contract between Samuel Shafer and Jesse Shafer, Jr.

On January 21st, 1881, Elizabeth Shafer died, and Jesse Shafer, Jr., then filed an amendment to his bill setting forth this fact and stating that he had fully performed his part of the contract in regard to the maintenance and burial of said Elizabeth Shafer.

The defendants filed an answer denying any such contract between Samuel Shafer and complainant, and they filed a copy of the will of said Samuel Shafer, made while he still owned the property in Littlestown, and in this will the said property was devised to Jesse Shafer, Jr., for life, provided he support Elizabeth Shafer, his aunt, and at her death give her a decent burial.

The case was referred to an Examiner and Master, William McSherry, Jr., Esq., who found that Elizabeth Shafer had been well cared for by Jesse Shafer, Jr., and received a respectable burial, but that there was no sufficient proof of any contract between Samuel Shafer, Jr., that the latter was to have the farm for doing this. The Master therefore recommended a decree dismissing the bill.

Complainant took a number of exceptions to the Master's findings of fact. The court, McCLEAN, P. J., on the argument of these exceptions, was of opinion that the contract was not sufficiently proved, but retained the bill for the purpose of allowing Jesse Shafer, Jr., compensation out of the land, and sub-

sequently entered a decree that this farm be charged with the payment of $1,400, the amount of compensation due complainant under the pleadings and evidence.

Defendants then took this writ, assigning for error this action of the court.

*David Wills*, for appellants.—A Master's finding of fact will not be set aside except for plain mistake: Phillips' App., 18 P. F. S., 130; Sproull's App., 21 Id., 137; Fahnestock's App., 8 Out., 46; Thompson's App., 7 Id., 603. A decree in equity, to be supported by a prayer for general relief, must be consistent with the case presented by the pleadings and the relief specifically prayed for: Appeal of Passyunk Building Association et al., 2 N., 441. There being no contract proven in this case, there could be no decree for specific performance, and hence nothing is left on which to base a decree for compensation, and the court should have dismissed the complainant's bill.

*D. McConaughy*, for appellee.—Although specific performance may be denied, a court of equity will allow complainant compensation when he has made expenditures on the faith of the agreement: Aday *v.* Echol, 18 Ala., 353; Masson's Appeal, 20 P. F. S., 26; 2 Story's Equity Jurisprudence, 63, sec. 749; Pratt *v.* Law, 9 Cranch, 456; Kelly *v.* Bradford, 3 Bibb, 317; King *v.* Bardeau, 6 Johns. Chanc. Reports, 38; Anthony *v.* Leftwich, 3 Randolph, 238; Goodwin *v.* Lyon, 4 Porter, 314 (Alabama R.); Parkhurst *v.* Van Cortland, 1 Johns. Chanc. R., 273.

The court finds the contract to be substantially proven, and that the contract has been fully executed on the part of the plaintiff, and that the measure of damages is at least the value of the Littlestown property, the amount of $1,400.00.

Mr. Justice Trunkey delivered the opinion of the court, October 5th, 1885.

This suit is for a decree of specific performance of an alleged oral contract for the sale of a tract of land containing one hundred and thirty acres, made by Samuel Shafer in his lifetime with Jesse Shafer, Jr. The Master finds that there is no evidence of such contract having been made, and the court finds "obscurity, uncertainty and insufficiency in the evidence of the alleged contract, which it is indispensable should be established by clear and definite testimony." Both agree that specific performance cannot be decreed. The learned judge was of opinion that compensation may be allowed, especially under the pleadings, because the defendants in their answer

say that, if said Samuel ever contemplated anything in con-
nection with said farm, it was that said farm might be substi-
tuted for and stand in place of the Littlestown property
in his last will on the same terms and conditions, and on the
further condition that said Jesse should pay the difference
between what the Littlestown property was sold for, and the
purchase money of said farm; and they do not admit he so
contemplated.

The bill avers that, in 1869, Samuel Shafer contracted to
give the Littlestown property to Jesse Shafer, Jr., upon con-
dition that he should pay the interest annually on $1,400 to
said Samuel, and also support Elizabeth Shafer during her
life and provide for her burial at her decease.  Let it be con-
ceded that there is proof of such contract.  In 1875, said
Samuel executed his will wherein he devised the Littlestown
property to said Jesse to hold for his life on condition that he
support Elizabeth Shafer during her life and provide for her
burial, and, on failure to perform such condition, the property
to vest in Jesse Shafer, Sr., on the same condition; the remain-
der to a son of Jesse Shafer, Jr.  In 1876, Samuel Shafer sold
the Littlestown property, and purchased the farm.  Jesse
Shafer, Jr., removed to the farm, and supported Elizabeth
Shafer while she lived, and at her death provided for her
burial.  On what terms he occupied the farm does not ap-
pear.  No change was made in the will.  There is no evidence
of a contract relative to the farm between him and Samuel
Shafer.  Although the Master erroneously considered the tes-
timony of Jesse Shafer and Barbara his wife as if by one per-
son only, he finds that it would be insufficient if they are
considered as two independent witnesses.  "Their testimony
consists of conversations with Samuel at which Jesse, Jr., was
not present; there is no evidence that Jesse, Jr., knew of
these conversations."

The plaintiff's father testifies that, after the purchase of the
farm, Samuel Shafer said: "I have bought this property, I
intend to pay for it, for Jesse and my sister Betsy, and I have
never seen it, and may be I never will."  And at another
time he said: "If Jesse kept Betsy as long as she lived, he
was to have the property, Jesse was to have it as long as he
lived, and, after his death, his children were to have it."  His
mother testifies to similar remarks by said Samuel when he
was conversing with her.  Other witnesses heard Samuel
make remarks corroborative of those proved by the plaintiff's
parents.  Such talk, taken in connection with the circum-
stances, is insufficient to establish a contract for sale of the land
in question.  Nor did Jesse Shafer, Jr., understand that he
had a contract for this farm.  After the death of Samuel, and
14 OUTERBRIDGE—25

when Elizabeth Shafer was living, he claimed of the administrator a certain sum for the support of said Elizabeth, which sum was less than the price of the farm, or of the Littlestown property. He consulted counsel, and sought to enforce payment of the debt. Upon the evidence, there is no foundation for a bill in equity to compel conveyance of the farm to the plaintiff.

The answer denies that there is any contract relative to said farm, and denies "that the said Samuel ever did, after the execution of said will, make any valid or binding provision or arrangement whatever in behalf of said parties, or any or either of them; and they state that, if the said Samuel ever did, at any time after the date of said will, contemplate making any provision in behalf of said parties, or any or either of them, said contemplation was never carried into effect." Then follows the statement of what said Samuel may have contemplated, not contracted. Surely the pleadings do not establish the plaintiff's right to recover compensation in this proceeding.

The plaintiff could not maintain a bill for specific performance of the contract for the Littlestown property. He acquiesced in the sale of that. For aught that appears, he could have brought an action at law, not for recovery of that property, but for recovery of compensation for the support of Elizabeth Shafer. He files a bill for specific performance of a contract of sale, and fails to prove a contract. Instead of uncertainty and obscurity respecting some of the terms of a contract, it is certain no contract was made, if absence of evidence makes certain its non-existence. Why should compensation be decreed? "It is well established that, whenever a court of equity has jurisdiction, if the relief prayed for cannot for some reason be granted, a compensation in damages may be awarded in lieu thereof. Thus, if a plaintiff was originally entitled to specific performance of a contract of sale, but it so happens that before the final decree it becomes impracticable for the detendant to make a conveyance, so that the specific relief prayed for in the bill cannot be decreed, the court will not turn the plaintiff over to seek his damages in an action at law, but will proceed directly to decree him compensation:" Masson's Appeal, 70 Pa. St., 29. In that case, when the suit was begun, the plaintiff was entitled to relief in equity, the parties agreed that a preliminary injunction should not be issued; the injury done by the defendant had become permanent when the cause was reached for final decree, and therefore, on principle as well as on the agreement, the court decreed compensation. When the defendant has put it out of his power to perform the contract, the bill will be retained, and it will be referred to a Master to assess the damages;

[Scott v. Scott.]

Woodcock v. Bennet, 1 Cowen, 711.   Where the proof clearly establishes a contract of sale, but time of payment or other detail respecting the payment of purchase money is left uncertain, and the purchaser took possession, paid part of the purchase money, and made valuable improvements on the faith of the contract, the bill may be retained for the purpose of allowing the plaintiff compensation, if he has not a full and adequate remedy at law: Aday v. Echols, 18 Alabama, 353.   These cases indicate on what grounds compensation will be decreed when specific performance is impracticable.   In Pennsylvania, a party is not entitled to relief in equity where he has a full and adequate remedy at law.

The plaintiff's claim is merely for compensation for the support of Elizabeth Shafer.   He made no contract for the farm. He has no claim for improvements made on the faith of a contract.   Samuel Shafer may have contemplated devising the farm to him for life with remainder to his children, and he may have expected such devise would be made.   The contemplation of one and the expectation of the other do not constitute a contract.

> Decree reversed, and bill dismissed, appellee to pay all costs.