## Coates et al. *v.* Cotteral et ux., Appellants.

*Equity—Specific performance—Contract—Strict construction—Reformation—Oath against oath—Evidence—Ejectment.*

1. An action for the purchase-money of land is, in legal effect, a bill in equity for specific performance of the contract of sale, and is governed by the equitable principles applicable thereto.

2. So, also, a like rule applies where a defendant seeks to defeat an action of ejectment by the record owner, because of an alleged agreement of plaintiff to sell the land to defendant.

3. A decree will not be made to reform a writing where the evidence on the vital question is simply that of oath against oath.

4. Equity will not decree specific performance of a contract, the scope and extent of which are uncertain.

5. If the scope of an agreement is uncertain, it must be construed most strongly against the litigant who drew it.

6. Equity will not decree specific performance of a contract if it would be inequitable to do so.

Argued May 10, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 128, Jan. T., 1927, by defendants, from judgment of C. P. Northumberland Co., Feb. T., 1926, No. 105, on verdict for plaintiffs, in case of Thomas J. Coates and John M. Coates v. John P. Cotteral et ux. Affirmed.

Ejectment for lot of land in Marshallton, Coal Township. Before LLOYD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was in giving binding instructions for plaintiff, quoting record.

*S. L. Gribbin,* with him *Voris Auten,* for appellants.— Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement, in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit, as the case may be: Wood v. Jones, 7 Pa. 478; Drum v. Dinkelacker, 79 Pa. Superior Ct. 91; Ott v. Kreiter, 110 Pa. 370.

Defendants were entitled to a conveyance of all of the ground appurtenant to the house: Shattuck v. Cunningham, 166 Pa. 368.

The statute of frauds does not require a written contract: Shoofstall v. Adams, 2 Grant (Pa.) 208; Lowry v. Mehaffy, 10 Watts 387; Tripp v. Bishop, 56 Pa. 424; Brodhead v. Reinhold, 200 Pa. 618; McHale v. Reilly, 274 Pa. 175; Lowry v. Mehaffy, 10 Watts 387; Welsh's Est., 45 Pa. Superior Ct. 115.

Where a writing declaring a trust is complete in itself, stating the subject-matter, designating the cestui que trust and his interest in the subject-matter, parol evidence is admissible to identify and locate the subject of the writing: Ranney v. Byers, 219 Pa. 332; O'Connell v. Cease, 267 Pa. 293; Henry v. Black, 210 Pa. 245; Haupt v. Unger, 222 Pa. 439.

*Charles C. Lark,* with him *Fred B. Moser,* for appellees.—The receipt cannot by any possibility be construed as a contract for the sale of land. Defendants do not have and never did have exclusive possession of

the premises. They have not paid the purchase price. They are attempting to get more land than the receipt calls for. They have made no improvements. There is nothing in this case which would be a fraud on defendants or that would make it inequitable to refuse specific enforcement of the alleged contract. There has been no part performance thereof and there is nothing in the case which could not be compensated in damages, had defendants sustained any: Safe Dep. & Trust Co. v. Coal & Coke Co., 234 Pa. 100; Llewellyn v. Coal Co., 242 Pa. 517; Soles v. Hickman, 20 Pa. 180; Hammer v. McEldowney, 46 Pa. 334; Briggs v. Morris, 244 Pa. 139; Holthouse v. Rynd, 9 Sadler (Pa.) 193; Parrish v. Koons, 1 Parsons (Pa.) 79; Rinner v. Collins, 156 Pa. 343; Weisenberger v. Huebner, 264 Pa. 316; Barnes v. Rea, 219 Pa. 287; O'Connell v. Cease, 267 Pa. 288; Hammer v. McEldowney, 46 Pa. 334.

Payments on account do not make a contract or take it out of the statute of frauds: Briggs v. Morris, 244 Pa. 139; Allen's Est., 1 W. & S. 383; McKee v. Phillips, 9 Watts 85.

Possession is not sufficient to take case out of statute of frauds: Moore v. Small, 19 Pa. 461; Baxter v. Doane, 208 Pa. 585.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

In this action of ejectment, plaintiffs seek to recover possession of the property described in the writ, with mesne profits for its wrongful detention. As to the former, the court below gave binding instructions in their favor, but, as to the latter, left the jury to fix the damages for detention, if any, over and above the $500 paid by defendants, as hereinafter set forth. Judgment having been entered on the verdict, defendants appeal, and allege that binding instructions should not have been given, because "under all the evidence in the case, it [was] for the jury to determine the amount of land agreed upon by the parties to be sold by the plaintiffs

and purchased by the defendants." There is no challenge regarding the amount of damages awarded.

Plaintiffs, being the owners of the property in dispute, received from one of the defendants, who was acting for himself and his wife, the codefendant, the sum of $500, and gave to them the following paper, which was drawn by the first-named defendant:

"Shamokin, Pa.

"Received from John P. Cotteral & wife the sum of $500 to Tie Bargain of House and lot 1205-1207 Webster St., and vacant lot at considerate Price of $7,700 the Balance to be Paid by May 1, 1923.

"Thos. J. Coates & John M. Coates."

This is the only pertinent writing in the case. Defendants entered into and still retain possession of the dwelling and lot specified; but they have never paid nor tendered the balance of the purchase price, nor have they paid the accruing taxes, nor made any improvements on or repairs to the property.

About May 3, 1923, plaintiffs presented to defendants for approval, an unexecuted deed for the land which they aver was included in the agreement of sale. Defendants returned the deed, claiming that they were entitled, in addition to the land described therein, to a strip to the west, four feet nine and three-quarters inches in width. Whether or not they are entitled to have it, is the question to be decided.

We have repeatedly held that a suit for the purchase-money named in an agreement of sale, is, in legal effect, equivalent to a bill in equity for specific performance of the contract of sale, and is governed by the equitable principles applicable thereto: Black v. American International Corporation, 264 Pa. 260; Hoover v. Pontz, 271 Pa. 285; Ritter v. Hill, 282 Pa. 115. The defense interposed here is not less so. It necessarily fails, unless defendants had the right to compel plaintiffs to convey the disputed strip, because of the agreement of sale, or of controlling evidence enlarging its scope. They

are, therefore, in the position of one who seeks, by a bill for specific performance, to compel plaintiffs to convey this strip, and, for this reason, their defense must be governed by the equitable principles applicable to such an action.

The agreement of sale does not specify the strip. The vacant lot therein referred to is to the north and east of the buildings named; the strip is to the west of them. In an endeavor to prove their right to have it, one of the defendants testified that, when he and one of plaintiffs were looking over the property, just before the agreement of sale was drawn and executed, they went "under the porch [of the west house, and] John [the plaintiff who was present] put his hand on an iron post holding the porch up, and said 'The ground that the porch is built on is four feet.' He said 'This ground from here out goes with it.'" This statement was specifically denied by the plaintiff who is said to have made it, and was corroborated by no one. Standing alone, therefore, defendant's testimony, being only oath against oath, is not sufficient to require its submission to a jury: Dick v. Ireland, 130 Pa. 299; Dixon v. Minogue, 276 Pa. 562.

Nor is there anything to strengthen defendants' contention on this point. The only other possible factor arises out of the porch above referred to. It is on other land of plaintiffs, and had been built by them long before the contract of sale. It occupied a small part of the rear of the disputed strip, and had been used in connection with the westernmost house agreed to be conveyed. If defendants had claimed only the ground covered by this porch, they would be in a much better position to maintain their appeal, because of the porch's connection with that house. This they did not do, however, but based their contention on the alleged statement of one of plaintiffs, above quoted, and, both below and here, claimed the whole of the strip, not of the width of four feet named in their testimony, but of the width of four feet nine and three-quarters inches, specified in

their answer. There is no evidence whatever to sustain the claim for a strip of that width.

Moreover, if the court were to attempt to specifically decree to defendants some right to the four feet wide strip, what could it give? The evidence does not state how it was to go. Was it to be in fee, or were defendants to have only an easement? After the agreement of sale, both parties used the strip, which would, at most, imply an easement in defendants. If we assume it was to be in fee, because the grant of the land was to be in fee, then it may be asked, where was the "here out" to end? No evidence attempts to answer this question. There are two streets in front of the property, but about twenty feet apart. The property line of the lot sold apparently goes to the more distant of those streets. Was the strip defendants now claim, to extend to the nearest or the farthest? If, as defendants now contend, the purpose was to give them an exit from the porch to the street, the nearest would seem to have been intended. These speculations make clear that, even assuming defendants' story to be true, what was intended to pass was and is doubtful and uncertain. This also would defeat their claim, for there can be no specific performance of a contract, the scope and extent of which are uncertain (Agnew v. Southern Avenue Land Co., 204 Pa. 192; O'Connell v. Cease, 267 Pa. 288), especially where, as here, the uncertainty is in an agreement drawn by one of defendants for both, and which must, therefore, be taken most strongly against them: Duncan v. Pittsburgh-Florida Fruit Growers Association, 282 Pa. 498. As we have already shown, there is a like uncertainty in their evidence.

Enough has been said to show that, under the facts disclosed by the present record, defendants could not have successfully maintained a bill for specific performance, and hence their defense wholly failed.

The judgment of the court below is affirmed.