Marshall *v.* MacGregor et ux., Appellants.

Argued January 15, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. Hazen Hardy, Jr.,* of *Williams, Brittain & Sinclair,* for appellants.

*Wm. Y. C. Anderson,* with him *H. Lester Haws,* for appellee.

OPINION BY MR. JUSTICE LINN, March 19, 1934:

In this action of ejectment, after verdict for defendants conditioned on paying $800 to plaintiff, the court granted plaintiff's motion for judgment n. o. v. Defendants have appealed.

Plaintiff made out a clear record title. Defendants, while conceding that title, stood on alleged oral agreements of sale to them, made by plaintiff's predecessor in title, and reaffirmed by plaintiff; they contend that, while the agreements were oral, they made improvements on the land, in circumstances which would entitle them to specific performance and, therefore, constitute a defense to the ejectment. In that light, we examine the evidence, and, as the defense is equitable, defendants must show a case in which, if they were plaintiffs, a chancellor would decree specific performance: cf. Coates v. Cotteral, 290 Pa. 237, 138 A. 756.

May 1, 1920, a tract of land, of which that in suit is part, was owned by a Mrs. Beitler. On that date, she demised to defendants a certain tract of vacant land, 50 feet square, for a term of 5 years, at a rental of $375, payable $37.50 half-yearly. The lease provided that either party might terminate at the end of the term by three months' notice, but, in default of such notice, the term should continue "for a further period of one year and so on from year to year unless or until terminated by either party hereto giving to the other thirty days notice for removal previous to the expiration of the then current term." At the expiration of the five-year-term, defendants continued in possession under the lease, but, by supplementary agreement then made, the area was increased to a tract eighty feet square.

In 1926, Mrs. Beitler sold her entire tract, including the leased land, to plaintiff. Defendants attorned to plaintiff and paid rent to her until November 1, 1929. In 1930, defendants demanded a conveyance of the leased tract, basing their demand on circumstances, now to be stated, obviously insufficient to justify a chancellor in decreeing specific performance. It is not clear there was an agreement and in that attempted to be shown there was no certainty as to the tract to be conveyed, or when it should be conveyed, or the price to be paid. See Hart v. Carroll, 85 Pa. 508.

Mr. MacGregor, one of defendants, testified that during the negotiations for the lease in 1920, "Mrs. Beitler said that I could buy the ground later on and we could come to a reasonable price. When I mentioned price she did not seem to be interested at that time. I don't think that she was in a position to sell and I was not in a position to buy at that time. Q. Did she say anything as to price? A. No price quoted. Q. Was there anything else? A. Only that it would be a reasonable figure and satisfactory to both sides." Cf. Gianni v. Russell, 281 Pa. 320, 126 A. 791; Emmanuel v. Hughes, 295 Pa. 492, 145 A. 586. Mr. MacGregor prepared the lease. Defendants entered and built a bungalow, which they have since occupied. During the tenancy, he testified, he "spoke to her two or three times but she was never in the mood to do business, was not ready to do business." He said that in 1925 "Mrs. Beitler asked me if I cared to buy the entire tract and set a price of $10,000." He then understood that he could "purchase part of it, either part or whole." Then "she wanted to sell the whole tract. Did not care to sell any part of it." It seems that, in 1926, plaintiff considered the purchase of the entire tract; at any rate, Mr. MacGregor testified that then "Dr. Marshall and his wife came in my home and asked me...... to lay off from buying that, that they had the available funds and that in a short while they would sell to me my —what they called my share for—of it—and they said

they had a gentleman's agreement with Mrs. Beitler not to split up any portion of it...... Q. At that time did Dr. or Mrs. Marshall state anything to you about a price at which they would sell that ground? A. No, they had set no price. Q. Was there any figure at all? A. He said 'We are old friends and we can get together.' He said 'You will be satisfied and there will not be any kick over that part of it.' Q. I suppose they meant a reasonable price? A. Yes. Q. The Marshalls got title to the ground. Did you pay rent to the Marshalls after that, or did you pay for the use of this ground after that time? A. Until May. I think it was in May, 1929. I have the receipt right there." December 27, 1930, defendants submitted a written offer to plaintiff offering $1,150 for a specified part, $950 for another part, and $2,100 for the entire tract. These offers were declined and the rent in arrear was demanded.

The other defendant, Mrs. MacGregor, testified that "Mrs. Beitler said that we would be able to buy the ground if she at any time wanted to sell." "Q. Did she make any reference to any particular piece of ground? A. She always referred, she wanted to sell the entire piece. She never wanted to consider splitting it up."

While both Mrs. Beitler and the plaintiff deny the conversation said to have been made by or on behalf of either (See Brawdy v. Brawdy, 7 Pa. 157; Moore v. Small, 19 Pa. 461, 468), defendants' evidence has been quoted, so that it may appear that the apparent hardship suffered by them is, in fact, due to their failure to obtain an agreement sufficiently certain in its terms to be enforced in accord with well-settled rules of law. See Overmeyer v. Koerner, 81* Pa. 517; Brown v. Hughes, 244 Pa. 397, 90 A. 651; Heller v. Cochran, 280 Pa. 579, 124 A. 737. As defendants have failed satisfactorily to establish a contract, they are not entitled to compensation for the improvements erected on the land: Appeal of Shafer et al., 110 Pa. 382, 2 A. 365.

Judgment affirmed.